DETROIT FREE PRESS, INC v UNIVERSITY OF MICHIGAN
REGENTS

Docket No. 328182. Submitted April 13, 2016, at Lansing. Decided
April 26, 2016, at 9:10 a.m. Leave to appeal denied 500 Mich
897.

Detroit Free Press, Inc., and Federated Publications, Inc., brought
an action against the University of Michigan Regents in the Court
of Claims, seeking injunctive relief and claiming that defendant's
use of informal, closed-door meetings violated the Open Meetings
Act (OMA), MCL 15.261 *et seq.*, and Article 8, §§ 4 and 5 of the
Michigan Constitution. The court, MICHAEL J. TALBOT, J., denied
plaintiffs' motion for summary disposition, denied plaintiffs'
motion for injunctive relief, and granted summary disposition in
favor of defendant, concluding that the OMA did not require
defendant's informal meetings to be open to the public and that
neither caselaw nor Const 1963, art 8, §§ 4 and 5, required those
meetings to be open to the public. Plaintiffs appealed.

The Court of Appeals *held*:

1. Article 8, § 4 of the Michigan Constitution requires that
formal sessions of the governing boards of public universities be
open to the public. The Michigan Constitution does not delegate
to the Legislature the task of defining the phrase "formal ses-
sions" as used in that provision. By limiting the provision to
formal sessions, rather than all sessions, governing boards retain
their power to decide whether to hold informal sessions in public.
Article 8, § 5 of the Michigan Constitution also prohibits the
Legislature from intruding on a governing board's decision
whether to hold informal sessions in public, which is a basic,
day-to-day exercise of the governing board's powers. While a
governing board is entitled to deference regarding its definition of
formal and informal meetings, that discretion is not unfettered;
the definition may be judicially reviewed to determine whether
the definition fails to bear any relation to the purpose of § 4.

2. The Court of Claims correctly determined that our Supreme
Court's decision in *Federated Publications, Inc v Mich State Bd of
Trustees*, 460 Mich 75 (1999), was determinative of the outcome in
this case. The broad holding of *Federated Publications*—that the

Legislature does not have authority to regulate informal meetings at public universities through application of the OMA because under Const 1963, art 8, § 4, only formal sessions held by governing boards of public universities must be public—was not dictum, and the holding was not distinguishable on the facts. The trial court correctly concluded that defendant was not required to hold its informal meetings in public and that defendant was entitled to summary disposition.

Affirmed.

CONSTITUTIONAL LAW — GOVERNING BOARDS OF PUBLIC UNIVERSITIES — INFORMAL SESSIONS — NOT OPEN TO PUBLIC.

Under Article 8, § 4 of the Michigan Constitution, only formal sessions of the governing boards of public universities must be open to the public, not informal sessions; while a governing board is entitled to deference regarding its definition of formal and informal sessions, that discretion is not unfettered because the definition may be judicially reviewed to determine whether the definition fails to bear any relation to the purpose of § 4.

*Herschel P. Fink* and *Aaron Sanders PLLC* (by *Paul R. McAdoo*) for plaintiffs.

*Dickinson Wright PLLC* (by *Peter H. Ellsworth, Jeffery V. Stuckey,* and *Phillip J. DeRosier*) and *Timothy G. Lynch* for defendant.

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. Plaintiffs, Detroit Free Press, Inc., and Federated Publications, Inc., appeal by right the order of the Court of Claims, which denied plaintiffs' motion for summary disposition and request for injunctive relief and granted summary disposition in favor of defendant, the University of Michigan Regents. Plaintiffs publish or operate two major newspapers in this state; defendant is a constitutional corporation and public body responsible for governing the University of Michigan pursuant to Article 8, §§ 4

and 5 of the Michigan Constitution. Plaintiffs contend that all "closed informal sessions" held by defendant violate the Open Meetings Act (OMA), MCL 15.261 *et seq.*, and Article 8, § 4 of the Michigan Constitution. The Court of Claims disagreed. We affirm.

There is no dispute that defendant holds meetings that are both open to the public and closed to the public. It appears that the parties at least tacitly agree that defendant held its formal meetings publicly, in compliance with the OMA. At issue is defendant's practice of conducting informal meetings, which plaintiffs alternatively call "closed door meetings," privately. Defendant describes these informal meetings as being more informational than decisional, and although agendas were prepared for them and a quorum was present, voting did not take place and was not discussed at the informal meetings. Plaintiffs contend, very generally, that *all* such meetings are required by law to be open to the public.

The Court of Claims concluded that pursuant to *Federated Publications, Inc v Mich State Univ Bd of Trustees*, 460 Mich 75; 594 NW2d 491 (1999), Michigan's Constitution insulates defendant from being required by the OMA to open its informal meetings to the public and that, in addition, defendant is empowered to define what constitutes a formal session. The court reasoned further as follows:

> This Court declines plaintiffs' invitation to judicially impose the limitations that the Legislature imposed in the OMA on governing boards of public universities. The Supreme Court has already explained, "[T]he Legislature is not delegated the task of defining the phrase 'formal sessions' for purposes of Const 1963, art 8, § 4." *Federated Publications*, 460 Mich at 75. Neither is this Court. Although the Court suggested judicial review would be available to examine whether a university's definition

fails to "bear any relation to the purpose of § 4," *id*. at 91 n 14, plaintiffs do not advance an argument that is directed at meeting that "most deferential standard." *Id*. This Court will not construct it for them.

The Court of Claims further determined that plaintiffs' claims would have the OMA " 'dictate[] the manner in which the university operates on a day-to[-]day basis,' " which would be contrary to Article 8, § 5. Therefore, "application of the OMA to defendant's informal sessions runs afoul of defendant's constitutionally-based power to supervise the university." Plaintiffs were not entitled to injunctive relief because they did not succeed on at least one count. Ultimately, it is not relevant in this case whether the sessions were formal or informal as neither side has argued this point. The question being raised is whether all the sessions had to be public, regardless of whether they were designated as informal.

We review de novo a trial court's decision on a motion for summary disposition. *Mich Head & Spine Institute, PC v State Farm Mut Auto Ins Co*, 299 Mich App 442, 446; 830 NW2d 781 (2013). Summary disposition is proper if there is "no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). In interpreting a statute, a court seeks to ascertain and implement the intent of the Legislature. *Huron Mountain Club v Marquette Co Rd Comm*, 303 Mich App 312, 323; 845 NW2d 523 (2013). We do so first by examining the language employed, and if it is unambiguous when afforded its plain and ordinary meaning, we enforce it as written. *Id*. at 324.

Plaintiffs' claims on appeal are dependent on their assertions that the facts of this case are distinguish-

able from the facts in *Federated Publications* and that the Court of Claims erroneously relied on dicta from that case when granting summary disposition in favor of defendant. The latter argument simply fails as a matter of well-established precedent that if our Supreme Court "intentionally takes up, discusses and decides a question *germane* to, though not necessarily decisive of, the controversy, such decision is not a *dictum*, but is a judicial act of the court which it will thereafter recognize as a binding decision." *Detroit v Mich Pub Utilities Comm*, 288 Mich 267, 299-300; 286 NW 368 (1939) (quotation marks and citation omitted). It is clear that nothing in *Federated Publications* was in the nature of a gratuitous and irrelevant remark with no bearing on the case. See *Johnson v White*, 430 Mich 47, 54 n 2; 420 NW2d 87 (1988) (noting a distinction between "obiter dicta" and "judicial dicta"). To the extent any discussion in *Federated Publications* is relevant to the instant matter, the Court of Claims was obligated, as are we, to treat it as binding.

The former argument—that the facts in *Federated Publications* are distinguishable from those in this case—also fails. Plaintiffs are, of course, correct in pointing out that *Federated Publications* entailed the rather special circumstance of a university searching for a replacement president, which, to the best of our knowledge, is not at issue in the case at bar. However, our Supreme Court did not restrict its reasoning to that context and indeed noted that under discussion was "the question of the scope of the Legislature's power to regulate public universities." *Federated Publications*, 460 Mich at 83-84. Our Supreme Court made a much broader pronouncement:

> That [Const 1963, art 8, § 4, which requires that "[f]ormal sessions of governing boards . . . shall be open to the public,"] is limited to "formal sessions," rather than all sessions, signifies that the governing boards retain their power to decide whether to hold "informal" sessions in public. Const 1963, art 8, § 5, prohibits the Legislature from intruding in this basic day-to-day exercise of the boards' constitutional power. Nor can application of the OMA rest on the absence of a definition of "formal sessions" in the constitution. Unlike other provisions of the constitution, the Legislature is not delegated the task of defining the phrase "formal sessions" for purposes of Const 1963, art 8, § 4. [*Id.* at 90.]

The Court also noted that "[g]iven the constitutional authority to supervise the institution generally, application of the OMA to the governing board of our public universities is likewise beyond the realm of legislative authority." *Id.* at 89.

It is clear and unambiguous that *Federated Publications* determines the outcome of this matter, and the Court of Claims correctly applied it to this case. The Constitution permits defendant to hold informal meetings in private; defendant is only required to hold its formal meetings in public. We are simply not empowered to evaluate whether that is good policy or, for that matter, take any action on the basis of whether we might believe it to be. However, we note that plaintiffs need not be concerned that this gives defendant *completely* unfettered discretion: our Supreme Court has also determined that although defendant and similarly situated boards are entitled to a great deal of deference, a governing board's determination of what constitutes formal and informal is not *wholly* insulated from judicial review. *Id.* at 91 n 14.

We decline to consider any argument pertaining to plaintiffs' desired injunctive relief because the issue is

moot. We affirm the Court of Claims. We direct that because of the important public policy nature of this appeal, the parties shall bear their own costs. MCR 7.219(A).

SAWYER, P.J., and MURPHY, J., concurred with RONAYNE KRAUSE, J.